LDA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WALTER CARNEVALE,**
**Plaintiff**

**v.** **C.A. NO.**

**THUNDERMIST HEALTH CENTER**
**Defendant**

CA 07 225S

**COMPLAINT**

**INTRODUCTORY STATEMENT**

The action is commenced by WALTER CARNEVALE (hereinafter "Plaintiff" or "Carnevale") against Thundermist Health Center (hereinafter "Defendants" or "Employer") in order to remedy or seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. The action is authorized and instituted pursuant to pertinent provisions of the ADEA, 29 U.S.C. § 621-634.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's state

law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in the district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in the city of Woonsocket, Rhode Island;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a part-time employee of Defendant, in the city of Woonsocket, Rhode Island, but for the Defendants' unlawful practices.

4. On or about November 14, 2006 Carnevale timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that he had been discriminated against on the basis of his age—RICHR # 07 EAG 108-07/08; EEOC #: 16J2007-00061.

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in federal court, in each of its counts, including

requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A and B.)

**THE PARTIES**

6. The Plaintiff, Walter Carnevale, an individual, is a resident of Warwick, Rhode Island.

7. The Defendant, Thundermist Health Center, is a private, non-profit, community health center, licensed to do business in the State of Rhode Island. It owns, operates, and maintains a principal office and place of business at 191 Social Street; Woonsocket, RI 02895.

8. At all times material to the allegations of the Complaint, the Defendant has continuously, and does now, employ at least 30 or more employees in the State of Rhode Island.

9. At all times material to the allegations of the Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the ADEA, as defined in § 11(g) of the ADEA (29 U.S.C.S. § 630(g) and § 11(h) of the ADEA (29 U.S.C.S. § 630(h)).

10. At all times material to the allegations of the Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of

the ADEA, as defined in § 11(b) of the ADEA (29 USCS § 630(b)), and as interpreted pursuant to the other statutes at issue in this Complaint.

11. Carnevale is an "individual" within the meaning of pertinent provisions defining that term under the ADEA, and an individual covered under the provisions of that statute, and as interpreted pursuant to the other statutes at issue in this Complaint.

12. At all times material to the action, the Defendant was and is an employer covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990). At all times material to the action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors of the Defendant, and any others engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and they knew or should reasonably have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

14. Carnevale was born on April 14, 1924, and was approximately 82 years of age at the time of the incidents cited in this Complaint.

15. Carnevale worked for the Defendant, for approximately 3 months, beginning in early 2006.

16. Plaintiff suffers from severe high blood pressure, diabetes and prostate cancer, which affected his major life activities. At all times he could perform the essential functions of his job, with or without reasonable accommodations.

17. Plaintiff was hired by the Defendant to work as a Part-Time Pharmacist.

18. Plaintiff has been a registered Pharmacist in Rhode Island since 1954, with an exemplary record.

19. Plaintiff's work for the Defendant was excellent.

20. During or about mid-June 2006, Plaintiff was terminated for the false and pre-textual reason that he made three errors in prescriptions.

21. Plaintiff, to his knowledge, had not made any errors.

22. The Defendant threatened to report the Plaintiff to the Board of Pharmacy if he did not resign.

23. The Chief Operating Officer said to the Plaintiff, "…At your age, what do you care?"

24. Plaintiff refused to resign and asked for a review of the matter by employer authorities.

25. At this time, it was Plaintiff's belief that, without his permission, or knowledge, the employer had registered its pharmacy under the Plaintiff's name.

26. Plaintiff complained about this conduct and about the employer's threat to terminate him.

27. Plaintiff believes that he was replaced by another pharmacist who was approximately 30-35 years of age.

28. Plaintiff was terminated because of his age and disability status.

29. But for the Defendant's intention to discriminate against Plaintiff on the basis of his age and disability, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, or terminated.

30. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on age and disability.

31. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of his age and disability.

32. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. SECTION 42-112-1**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TERMINATION**

33. The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

34. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age and disability;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his age and disability;

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

35. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Carnevale' age and disability status. Such practices include, but are not limited to, the Defendant:

a) terminating Carnevale because of his age and disability status;

b) subjecting Carnevale to discriminatory terms and conditions of employment because of his age and disability status.

36. But for the Defendant's intent to discriminate against Plaintiff because of his age and disability status, the Defendant would not have terminated Plaintiff, or subjected him to discriminatory terms and conditions of employment.

37. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's

age and disability status. The Defendant's conduct has unlawfully deprived Plaintiff of his employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621 ET SEQ.
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## UNLAWFUL TERMINATION

38. Paragraphs 1-33 above are incorporated herein by reference in their entirety.

39. The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-33, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

40. The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-33, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

41. The conduct by Defendants referenced in paragraphs 1-33, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have

the intended objective of removing qualified employees, including Plaintiff, from employment solely on the basis of age.

42. Defendants willfully engaged in a policy or practice of arbitrarily and summarily denying Plaintiff employment opportunities, in violation of the ADEA, 29 U.S.C. § 621 et seq.

43. The Defendant's discriminatory conduct, policies, and practices regarding retention and job opportunities are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on his age;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

44. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Carnevale' age. Such practices including, but are not limited to, Defendant:

a.) Terminating Plaintiff because of his age;

b.) Subjecting the Plaintiff to discriminatory terms and conditions of employment.

45. But for the Defendants' intent to discriminate against Plaintiff because of his age, Defendants would not have terminated Plaintiff, or subjected him to discriminatory terms and conditions of employment.

46. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

47. By its conduct, the Employer has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at older workers.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. Section 28-5-1 et seq.
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
UNLAWFUL TERMINATION

48. Paragraphs 1-33 above are incorporated herein by reference in their entirety.

49. The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in Paragraphs 1-33, above, was motivated either solely, or in part, by an intent to discriminate against the Plaintiff on the basis of his age and disability status, in violation of the Rhode Island Fair Employment Practices Act (RIFEPA).

50. The conduct by Defendants referenced in paragraphs 1-33, above, represent a willful violation of the FEPA, by continuously maintaining age-based employment policies which have the intended objective of removing qualified employees, including Plaintiff, from employment with the Defendants solely on the basis of age and disability status.

51. Defendants willfully engaged in a policy or practice of arbitrarily and summarily denying Plaintiff employment opportunities, in violation of the RIFEPA.

52. The Defendants' discriminatory conduct, policies, and practices regarding workers in the protected age category, including Carnevale, violate the RIFEPA, by

a. interfering with the Plaintiff's right to avail herself of the full and equal benefit of state and federal laws preventing workplace discrimination based on age and disability status;

b. depriving her of the status, benefits, conditions, and privileges of employment;

c. treating her in a hostile, demeaning and unlawful manner, based on age and disability status;

d. causing her lost income, benefits, humiliation, emotional injury and other harm.

53. The unlawful practices engaged in by Defendant was motivated by unlawful considerations concerning Plaintiff's age and disability status. Such practices included, but were not limited to, the Defendant terminating the Plaintiff due to his age and disability status, and making impermissible considerations of age and disability status a factor in employment decisions.

54. But for the Defendant's intent to discriminate against Plaintiff because of his age and disability status, Plaintiff would not have been terminated.

55. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other rewards accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; has caused him humiliation, physical and emotional injury, and other harm.

56. By their intentional misconduct, Defendant has failed in its affirmative duty under the RIFEPA to maintain a work environment free of discriminatory insult, intimidation, and other misconduct directed at workers in the protected age category and with disability status.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 USC SEC.12117**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Termination**

57. Paragraphs 1-33 are herein incorporated by reference in their entirety.

58. At all times material to the allegations alleged in this Complaint, the Plaintiff was a qualified individual with a disability within the meaning of the ADA, and/or the Defendant perceived him as having a disability.

59. Despite his disability or impairment, Plaintiff was able to perform all the essential functions of his position, with or without reasonable accommodation.

60. The Defendant has engaged in unlawful employment practices in violation of

the ADA, sec.102(a), 102(b)(1), and 102(b)(5)(B), 42 USC sec 12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

61. But for the Defendant's intent to discrimination against the Plaintiff on the basis of his status as a qualified person with a disability , Defendant would not have engaged in the conduct alleged in this Complaint.

62. WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of age and disability status;

b.) an order that the Defendants make whole the Plaintiff with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the hiring of Plaintiff to the

position of employment at issue, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) grant such further relief as the court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Walter Carnevale,
By His Attorney,

Stephen Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)