UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WALTER CARNEVALE,<br>Plaintiff | : | |
| VS. | : | C.A. 07 225S |
| THUNDERMIST HEALTH CENTER,<br>Defendant | : | |

**ANSWER**

As an answer to the Complaint of Walter Carnevale, the Defendant, Thundermist Health Center, states as follows:

**FIRST DEFENSE**

1-3. Plaintiff's allegation regarding jurisdiction and venue requires no responsive pleading. To the extent that this Court deems a responsive pleading is required, Defendant admits that this Court has jurisdiction over claims under the Age Discrimination in Employment Act and the venue is proper. Defendant denies all remaining allegations in paragraph one through three of the Complaint.

4. Defendant admits that Plaintiff filed a timely charge alleging discrimination with the Rhode Island Commission for Human Rights.

5. Defendant admits that the pertinent administrative agencies have issued notices of right to sue. Defendant denies the remaining allegations in paragraph five of the Complaint.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six of the Complaint.

7. Defendant admits that it is a private, non-profit community health center. Defendant denies the remaining allegations in paragraph seven of the Complaint.

8. Defendant admits that during the time it employed Plaintiff, Defendant employed more than thirty people and that Defendant currently employs more than thirty people.

9-12. Defendant admits the allegations in paragraphs nine through twelve of the Complaint.

13. Defendant denies the allegations in paragraph thirteen of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fourteen of the Complaint.

15. Defendant admits that Plaintiff worked for Defendant on a part-time, intermittent, and as needed (i.e., per diem) basis beginning on or about March 27, 2006 and ending on or about June 15, 2006.

16. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph sixteen of the Complaint.

17. Defendant admits that it hired Defendant as a “per diem”, part-time pharmacist.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eighteen of the Complaint except that Defendant denies that Plaintiff had an exemplary record while employed by Defendant.

19-24. Defendant denies the allegations in paragraphs nineteen through twenty-four of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-five of the Complaint.

26. Defendant denies the allegations in paragraph twenty-six of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-seven of the Complaint.

28-32. Defendant denies the allegations in paragraphs twenty-eight through thirty-two of the Complaint.

**COUNT I**

**(R.I. Gen. Laws §42-112-1 et seq.)**

33. Defendant repeats and incorporates by reference its answers to paragraphs one through thirty-two of the Complaint.

34-37. Defendant denies the allegations in paragraphs thirty-four through thirty-seven of the Complaint.

**COUNT II**

**(29 U.S.C. §621 et seq.)**

38. Defendant repeats and incorporates by reference its answers to paragraphs one through thirty-seven of the Complaint.

39-47. Defendant denies the allegations in paragraphs thirty-nine through forty-seven of the Complaint.

**COUNT III**

**(R.I. Gen. Laws §28-5-1 et seq.)**

48. Defendant repeats and incorporates by reference its answers to paragraphs one through forty-seven of the Complaint.

49-56. Defendant denies the allegations in paragraphs forty-nine through fifty-six of the Complaint.

**COUNT IV**

**(42 U.S.C. §12117 et seq.)**

57. Defendant repeats and incorporates by reference its answers to paragraphs one through fifty-six of the Complaint.

58-61. Defendant denies the allegations in paragraphs fifty-eight through sixty-one of the Complaint.

62. The Plaintiff appears to have numbered this paragraph by error. To the extent that a responsive pleading is required, Defendant denies the prayer for judgment.

**SECOND DEFENSE**

The same individual at Defendant made the decisions to hire and to fire Plaintiff. Under the circumstances of this case, Defendant is entitled to a presumption that Defendant did not discriminate against Plaintiff.

**THIRD DEFENSE**

Defendant terminated Mr. Carnevale's employment for a legitimate business reason. Defendant's age was not a factor.

**FOURTH DEFENSE**

Defendant could not continue to employ Plaintiff because Plaintiff could not perform the essential function of his job and was a direct threat.

Defendant,

THUNDERMIST HEALTH CENTER

By its attorneys,

/s/ Andrew Prescott

Andrew Prescott, Esq. (#3758
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
401 454-1000
401-454-1030 (FAX)

Dated: August 10, 2007

CERTIFICATE OF SERVICE

I hereby certify that this Answer has been electronically filed with the Rhode Island District Court with a copy to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903 this 10th day of August, 2007.

______/s/ Andrew B. Prescott__________