**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WALTER CARNEVALE,**
**Plaintiff**

**v.** **C.A. NO. 07 225 S**

**THUNDERMIST HEALTH CENTER**
**Defendant**

## STATEMENT FOR RULE 16

## I. INTRODUCTORY STATEMENT

The action was commenced by Walter Carnevale (hereinafter "Plaintiff" or "Carnevale") against Thundermist Health Center (hereinafter "Defendants" or "Employer") in order to remedy or seek relief for the Defendant's alleged unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

## II. FACTS APPLICABLE TO EACH COUNT

Carnevale was born on April 14, 1924, and was approximately 82 years of age at the time of the incidents cited in this Complaint. Carnevale worked for the Defendant, for approximately 3 months, beginning in early 2006. Plaintiff suffers from severe high blood pressure, diabetes and prostate cancer, which affect his major life activities. At all times he could perform the essential functions of his job, with or without reasonable accommodations. Plaintiff was hired by the Defendant to work as a Part-Time

Pharmacist. Plaintiff has been a registered Pharmacist in Rhode Island since 1954, with an exemplary record. Plaintiff's work for the Defendant was excellent. During or about mid-June 2006, Plaintiff was terminated based on the Defendant's explanation that he made three errors in prescriptions. Plaintiff, to his knowledge, had not made any errors. Plaintiff alleges that this proffered reason was false and pre-textual and that the Defendant was instead terminating him because of his age and disability status. The Defendant also threatened to report the Plaintiff to the Board of Pharmacy if he did not resign. The Chief Operating Officer said to the Plaintiff, "…At your age, what do you care?" Plaintiff refused to resign and asked for a review of the matter by employer authorities. At this time, it was Plaintiff's belief that, without his permission, or knowledge, the employer had registered its pharmacy under the Plaintiff's name. Plaintiff complained about this conduct and about the employer's threat to terminate him. Plaintiff believes that he was replaced by another pharmacist who was approximately 30-35 years of age. Plaintiff alleges that he was terminated because of his age and disability status.

## III. TRIAL ISSUES

No unusual trial issues are anticipated. This case presents straightforward factual disputes relative to whether the proffered reason provided to Plaintiff for his termination was merely a pre-text for the Defendant's discriminatory animus based on age and/or disability. The elements of Plaintiff's proof under the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq. (RICRA) and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq., (ADEA) are essentially the same. See gen. Ward vs.

Pawtucket Police Dept., 639 A.2d 1379 (R.I.); Iacampo vs. Hasbro, Inc. 929 F. Supp. 562 (D.R.I. 1996.)

**IV. Case Processing Matters**

To dates, the Parties have only had limited discussion relative to possible settlement of Plaintiff's claims. The Plaintiff is open to participating in the Court's alternative dispute resolution program.

Respectfully Submitted
Walter Carnevale
By His Attorney
Stephen T. Fanning
/s/ Stephen T. Fanning
Stephen T. Fanning (#3900)
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 FAX

Certification

I hereby certify that a true and correct copy of the above was sent via fax & regular mail to Andrew Prescott, Esq., counsel for the Defendant, Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903.

/s/ Stephen T. Fanning